William J. Stuart, Appellant, v. Rudolph Spitzer, Respondent.

Supreme Court, Appellate Term, First Department, January 15, 1926.

(Headnote to City Court opinion, 124 Misc. 862, affirmed herein. Churchill, J., dissents, with opinion.)

Sales — remedies of buyer — damages — motion to set aside verdict for plaintiff and to vacate judgment dismissing defendant's counterclaim in action for goods sold and delivered — counterclaim demanded damages for plaintiff's failure to deliver certain merchandise manu- factured by plaintiff for defendant — contract called for delivery of merchandise f. o. b., Hanover, Ill.— measure of damages for breach by seller of contract f. o. b. point of shipment, in absence of market value at place of delivery, is value in neighboring markets (Pers. Prop. Law, § 148, subd. 3) — refusal to allow defendant to prove market value of merchandise at Chicago and New York reversible error.

The measure of damages for the breach by the seller of a contract f. o. b. point of shipment, if there be no market value for the goods at the place of shipment, is the value of the goods at the time fixed for delivery at neighboring markets after making allowance for the cost of transportation between the points of shipment and delivery. (Pers. Prop. Law, § 148, subd. 3.)

Accordingly, it is reversible error requiring the vacation of a judgment directing a verdict for the plaintiff and dismissing defendant's counterclaim in an action for goods sold and delivered to refuse the opportunity of proving the market value of the goods at New York and Chicago, where it appears that the counter- claim sought damages for the plaintiff's failure to deliver certain merchandise manufactured by the plaintiff for defendant under a contract calling for delivery f. o. b., Hanover, Ill., and that there was but one mill, the plaintiff's, at that point manufacturing the merchandise contracted for, since to confine defendant to the market value at the place of shipment, where the only seller was the person from whom defendant was seeking damages, is illogical.

Appeal by the plaintiff from an order of the City Court of the City of New York, granting defendant's motion to set aside verdict rendered in favor of the plaintiff and against the defendant.

The opinion of the City Court is reported in 124 Miscellaneous, 862.

*Thomas G. Prioleau,* for the appellant.

*Roe, Lilly & Kramer* [*Cecil B. Ruskay* of counsel], for the respondent.

PER CURIAM. Order affirmed, with costs to respondent to abide the event.

BIJUR and LEVY, JJ., concur.

CHURCHILL, J. (dissenting). The trial judge set aside a directed verdict in favor of plaintiff because he felt that he had mistakenly applied the law respecting the proof of damages under a counter-claim which he had dismissed. The majority of the court are of the opinion that the view of the trial judge on the question of damages, which led him to set aside the verdict, was right. In my consideration of the case I do not reach that question and, therefore, express no opinion upon it.

Defendant's counterclaim is for breach of an alleged contract to sell and deliver 150 pieces of woolen goods. I am satisfied that, as matter of law, the evidence was insufficient to establish such a contract. The evidence relied upon to prove the contract was all in writing, consisting of letters and other exhibits. My view is that the construction and legal effect of these writings was a question exclusively for the court. Taking them all together, there is not enough in them to permit a jury to draw the inference that the contract relied upon by defendant was made. It is not a case where papers capable of supporting different inferences must be left to the jury for construction. There was no extrinsic evidence to aid interpretation. Either the writings themselves show the formation of a contract or they do not, and, in my judgment, it would be quite improper to allow a jury to express any opinion on that question. Hence, the counterclaim was properly dismissed on the trial.

A contract for 210 pieces was made with plaintiff's assignor in January, 1924. In making that contract defendant attempted to reserve the right to order 150 pieces more at the contract price. The vendor unequivocally refused to permit such a reservation. This would end the case except for an agreement made by Blumenstock, the agent of the seller, on April 7, 1924, by which he apparently undertook to bind his principal to deliver the 150 pieces of " reservations " at the contract price made for the 210 pieces. The reception of this letter in evidence was objected to on the ground that the authority of the agent had not been shown. The same

objection was made when the carbon copy was offered, and again on the motion to dismiss the counterclaim and for the direction of a verdict. Although the agent was called as a witness, he was not examined on the question of his authority to make the agreement. The agreement was repudiated by the principal, which refused to recognize the order unless different arrangements regarding defendant's credit were made and defendant appears to have fully recognized that the question was one resting in the discretion of the vendor. In other words, it seems to have been the ordinary case of an arrangement made with a salesman and subject to the approval of his principal.

Authority for making the agreement is sought in the letters of March twenty-fifth and April fifth, but those letters refer to complaints made in defendant's letters of March seventh and April third, which made various complaints but said nothing whatever about the refusal to recognize the " reservation " of 150 pieces. Furthermore, although the correspondence continued until June thirtieth, there is no suggestion that defendant thought he had any ground for demanding delivery as a matter of legal right. On the contrary, defendant admitted that he owed the balance here sued for and that he was withholding payment pending settlement of a claim for non-delivery which had been made against the railroad company. In short, a reading of the correspondence convincingly shows that at no time did the vendor intend to assume any obligation to deliver the so-called reservations and that the defendant fully understood that no such legal obligation existed.

That the trial judge himself doubted that any contract had been proved is evidenced by his opinion.

The order should be reversed, with costs, and the verdict should be reinstated.